UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

OTIS FINCH, JR.,

    Petitioner,

vs.                              Case No. 3:12-cv-1345-J-39PDB

SECRETARY, DOC, et al.,

    Respondents.

## ORDER OF DISMISSAL WITH PREJUDICE

Petitioner initiated this action by filing a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Petition) (Doc. 1) on December 7, 2012.[1] The original Petition was not signed by the pro se Petitioner. He is proceeding on a signed Amended Petition (Doc. 8) filed pursuant to the mailbox rule on March 20, 2013. He challenges his 2007 Putnam County conviction for first degree murder.

Under the Antiterrorism and Effective Death Penalty Act (hereinafter AEDPA), there is a one-year period of limitations:

---

[1] The Petition was filed with the Clerk on December 12, 2012; however, giving Petitioner the benefit of the mailbox rule, this Court finds that the Petition was filed on the date Petitioner provided his Petition to prison authorities for mailing to this Court (December 7, 2012). See Houston v. Lack, 487 U.S. 266, 276 (1988); Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts. The Court will also give Petitioner the benefit of the mailbox rule with respect to his inmate pro se state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d).

>    (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents contend that Petitioner has not complied with the one-year period of limitations as set forth in this subsection. <u>See</u> Respondents' Response to Petition (Response) (Doc. 12). In

support of their contentions, they have submitted exhibits (Doc. 13).[2] Petitioner was given admonitions and a time frame to respond to the request to dismiss the Petition contained within the Response. See Court's Order (Doc. 11). Petitioner filed a Reply to Respondents['] Answer (Reply) (Doc. 16).

The record before the Court shows the following. Petitioner was charged by indictment with first degree murder. Ex. 1 at 1. A jury returned a verdict of guilty of first degree murder. Id. at 189; Ex. 2 at 375. On November 7, 2007, the court adjudicated Petitioner guilty, entered judgment, and sentenced Petitioner to life without parole. Ex. 2 at 379-87; Ex. 1 at 224-31. Petitioner appealed, and the Fifth District Court of Appeal affirmed per curiam on October 28, 2008. Ex. 5. The mandate issued on November 19, 2008. Ex. 6. His conviction became final on January 26, 2009 (90 days after October 28, 2008) ("According to rules of the Supreme Court, a petition for certiorari must be filed within 90 days of the appellate court's entry of judgment on the appeal or, if a motion for rehearing is timely filed, within 90 days of the appellate court's denial of that motion.").

The statute of limitations period began to run on January 27, 2009, and ran for 218 days, until Petitioner filed a petition for writ of habeas corpus alleging ineffective assistance of appellate

---

[2] The Court hereinafter refers to the Respondents' exhibits as (Ex.).

3

counsel in the Fifth District Court of Appeal on September 2, 2009.[3] The Fifth District Court of Appeal denied the petition on December 23, 2009. Ex. 13. Thus, the one-year limitations period was tolled until December 23, 2009.

The limitations period began to run again on December 24, 2009. At this point, there were 147 days remaining in the one-year limitations period. Therefore, the one-year limitations period expired on Thursday, May 20, 2010.[4] Petitioner filed his original federal Petition on December 7, 2012, and he filed his signed Amended Petition on March 20, 2013.[5] Based on the foregoing, his petition for habeas corpus relief is untimely and due to be dismissed unless Petitioner can establish that equitable tolling of the statute of limitations is warranted.

The Eleventh Circuit has found: "[t]he limitations period is subject to equitable tolling." Cadet v. Fla. Dep't of Corr., 742

---

[3] The Fifth District Court of Appeal's December 23, 2009 Order states that Petitioner's petition was "transferred to this Court on September 2, 2009[.]" Ex. 13. Respondents' exhibit entitled "Petition for Writ of Habeas Corpus" is dated September 21, 2009. Ex. 7. Giving Petitioner the benefit of doubt, the Court will construe the petition as being filed on September 2, 2009 pursuant to the mailbox rule since that is the date referenced by the Fifth District Court of Appeal.

[4] Petitioner did not file a Rule 3.850 motion until November 19, 2010, long after the limitations period had expired. Ex. 14. See Fifth District Court of Appeal's November 18, 2011 Opinion finding the motion was placed in the hands of prison officials on November 19, 2010. Ex. 18.

[5] Either petition is untimely filed.

F.3d 473, 474 (11th Cir. 2014) (citing Holland v. Florida, 560 U.S. 631, 130 S.Ct. 2549, 2560 (2010)). There is a two-prong test for equitable tolling. A petitioner must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." Holland, 130 S.Ct. at 2562 (quotation marks omitted); see Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (stating that equitable tolling "is a remedy that must be used sparingly"); see also Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008) (per curiam) (noting that the Eleventh Circuit "has held that an inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence") (citation omitted).

Petitioner bears the burden to show extraordinary circumstances that are both beyond his control and unavoidable with diligence, and this high hurdle is not easily surmounted. Howell v. Crosby, 415 F.3d 1250 (11th Cir. 2005), cert. denied, 546 U.S. 1108 (2006); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (per curiam) (citations omitted). In this case, Petitioner has not met the burden of showing that equitable tolling is warranted.

Based on the record, Petitioner has not presented any justifiable reason why the dictates of the one-year limitations period should not be imposed upon him. Petitioner argues that pursuant to Martinez v. Ryan, 132 S.Ct. 1309 (2012), his untimely

5

filing is excused because he did not have counsel during his state postconviction proceeding, the filing of his Rule 3.850 motion. As recently noted,

> The Eleventh Circuit has expressly rejected petitioner's argument that Martinez applies to overcome the statute of limitations bar. Arthur v. Thomas, 739 F.3d 611, 630 (11th Cir. 2014) (holding that "the Martinez rule explicitly relates to excusing a procedural default of ineffective-trial-counsel claims and does not apply to AEDPA's statute of limitations or the tolling of that period.").

Sledge v. Jones, No. 3:14-cv92/MCR/CJK, 2015 WL 521057, at *4 (N.D. Fla. Feb. 9, 2015). As a result, the holding in Martinez is inapplicable to this case and does not excuse Petitioner's untimely filing of his Petition. As succinctly explained in Arthur v. Thomas, 739 F.3d 611, 630 (11th Cir.), cert. denied, 135 S.Ct. 106 (2014):

> As our discussion shows, the Martinez rule explicitly relates to excusing a procedural default of ineffective-trial-counsel claims and does not apply to AEDPA's statute of limitations or the tolling of that period. The § 2254 ineffective-trial-counsel claims in Martinez and Trevino were not barred by AEDPA's one-year limitations period. Instead, those § 2254 claims were dismissed under the doctrine of procedural default because the petitioners never timely or properly raised them in the state courts under the states' procedural rules. At no point in Martinez or Trevino did the Supreme Court mention the "statute of limitations," AEDPA's limitations period, or tolling in any way.

6

Petitioner had ample time to exhaust state remedies and prepare and file a federal petition. Petitioner fails to demonstrate he is entitled to equitable tolling or that he has new evidence establishing actual innocence. Indeed, he does not claim actual innocence. Therefore, this Court will dismiss the case with prejudice pursuant to 28 U.S.C. § 2244(d).

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. The Amended Petition and the case are **DISMISSED with prejudice**.

2. The **Clerk** shall enter judgment dismissing the Amended Petition with prejudice and dismissing the case with prejudice.

4. The **Clerk** shall close the case.

5. If Petitioner appeals the dismissal of the Amended Petition, the Court denies a certificate of appealability.[6] Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the

---

[6] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, this Court will deny a certificate of appealability.

pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 8th day of June, 2015.

_____
BRIAN J. DAVIS
United States District Judge

sa 6/2
c:
Otis Finch, Jr.
Counsel of Record